UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ACUSHNET HOLDINGS CORP., a Delaware corporation,<br><br>            Defendant. | No. 2:17-cv-423<br><br>COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT RIGHTS AND FOR NO FALSE ADVERTISING<br><br>DEMAND FOR JURY TRIAL |

## I.  NATURE OF THE CASE

1.     Costco Wholesale Corporation ("Costco") seeks a declaratory judgment that it is not infringing any valid patent rights owned by defendant Acushnet Holdings Corp. ("Acushnet" or "defendant") by its sale of its Kirkland Signature golf balls ("KS golf balls") and that it has not engaged in false advertising regarding the KS golf balls.  The need for such relief exists because Acushnet has wrongfully accused Costco of patent infringement and false advertising.

## II.  THE PARTIES

2.     Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027.

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT RIGHTS – 1 (Case No. 2:17-cv-423)

29040-0401/134663653.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3. Defendant Acushnet Holdings Corp. ("Acushnet") is, on information and belief, a Delaware corporation with its principal place of business at 215 Duchaine Blvd., New Bedford, Massachusetts 02745.

### III.  JURISDICTION AND VENUE

4. The Court has original jurisdiction over the claims because they arise under 28 U.S.C. §§ 2201 (declaratory judgment), 1331 (federal question) and 1338 (patent and Lanham Act).

5. Venue is proper under 28 U.S.C. § 1391(b)(1) because Acushnet does business in and is subject to personal jurisdiction in the this district for the claims asserted herein in and § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### IV.  BACKGROUND FACTS

6. Costco is a membership-based retailer that is committed to bringing quality products to its members at low prices. In addition to selling name brand merchandise, Costco owns registered trademark rights to KIRKLAND SIGNATURE ("KS"), and sells a variety of items under that brand. In 2016, Costco introduced its KS golf ball, a golf ball that Costco sold at approximately $15 per dozen. The KS golf ball sold out quickly, and was praised by golfers and experts as a golf ball of tremendous quality and value. Many reviewers compared the KS golf ball to higher-priced "tour quality" golf balls sold by national brands, such as Titleist, Callaway, and TaylorMade. Even though the Costco KS golf ball has sold out, Costco plans to continue to sell the KS golf ball.

7. In response to the popularity of the KS golf ball, Acushnet sent Costco a threatening letter, wrongfully accusing Costco of infringing 11 Acushnet patents based on its sale of the KS golf ball and engaging in false advertising based on its Kirkland Signature guarantee that all Kirkland Signature products "meet or exceed the quality standards of leading national brands."

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 2 (Case No. 2:17-cv-423)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29040-0401/134663653.2

8. A justiciable controversy exists as to whether Costco is infringing any valid patent rights owned by Acushnet as a result of Costco's sale of the KS golf ball or has engaged in any false advertising in connection with such golf ball.

9. Costco's sales of the KS golf ball do not infringe any valid patent rights owned by Acushnet, including any valid patent claims identified by Acushnet in its correspondence. Accordingly, Costco respectfully requests that the Court issue a declaratory judgment confirming that Costco is not infringing any Acushnet patent rights as a result of its sale of the KS golf ball, including any valid patent claims identified by Acushnet. The specific patents identified by Acushnet are listed below.

### V.   REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 6,994,638

10. Costco re-alleges paragraphs 1 through 9 above as if fully set forth herein.

11. Costco is not infringing any valid claims of U.S. Patent No. 6,994,638 ("the '638 patent"). Acushnet has accused Costco of infringing claim 1 of the '638 patent. Costco's sales of the KS golf ball do not constitute infringement of claim 1 of the '638 patent, however, because, among other things, the Shore D hardness of the center core of the KS ball is not "at least about 10 points" less than the Shore D hardness of the outer core.

12. The '638 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No. 6,468,169 and other prior art publications and activities.

13. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '638 patent and that the patent is invalid.

### VI.   REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 8,123,632

14. Costco re-alleges paragraphs 1 through 13 above as if fully set forth herein.

15. Costco is not infringing any valid claims of U.S. Patent No. 8,123,632 ("the '632 patent"). Acushnet has accused Costco of infringing claim 17 of the '632 patent. Costco's sales

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 3 (Case No. 2:17-cv-423)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29040-0401/134663653.2

of the KS ball do not constitute infringement of claim 17, however, because, at the least, the surface hardness of the outer core of the KS ball is not 75 Shore C or greater.

16. The '632 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Publication No. 2007/0281802 and other prior art publications and activities.

17. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '632 patent and that the patent is invalid.

### VII. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 8,444,507

18. Costco re-alleges paragraphs 1 through 17 above as if fully set forth herein.

19. Costco is not infringing any valid claims of U.S. Patent No. 8,444,507 ("the '507 patent"). Acushnet has accused Costco of infringing claim 17 of the '507 patent. Costco sales of the KS golf ball do not constitute infringement of claim 17 of the '507 patent because, at the least, the KS ball does not have an outer core with a surface hardness of about 75 Shore C or greater.

20. The '507 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Publication No. 2007/0281802 and other prior art publications and activities.

21. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '507 patent and that the patent is invalid.

### VIII. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 9,320,944

22. Costco re-alleges paragraphs 1 through 21 above as if fully set forth herein.

23. Costco is not infringing any valid claims of U.S. Patent No. 9,320,944 ("the '944 patent"). Acushnet has accused Costco of infringing claim 1 of the '944 patent. Costco's sales of the KS golf ball do not constitute infringement of claim 1 of the '944 patent, however,

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 4 (Case No. 2:17-cv-423)

29040-0401/134663653.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

because, at the least, the KS ball does not an have an outer core with a surface hardness of "at least about 85 Shore C."

24. The '944 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of WO98/43709 Publication, U.S. Publication No. 2002/0144466, and other prior art publications and activities.

25. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '944 patent and that the patent is invalid.

### IX. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 8,025,593

26. Costco re-alleges paragraphs 1 through 25 above as if fully set forth herein.

27. Costco is not infringing any valid claims of U.S. Patent No. 8,025,593 ("the '593 patent"). Acushnet has accused Costco of infringing claim 1 of the '593 patent. Costco's sales of the KS golf ball do not constitute infringement of claim 1 of the '593 patent, however, because at the least, the surface hardness of the inner core of the KS golf ball is not less than either of the outer surface hardness or inner surface hardness of the outer core by 5 Shore C or greater.

28. The '593 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No. 6,468,169 and other prior art publications and activities.

29. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '593 patent and that the patent is invalid.

### X. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 8,257,201

30. Costco re-alleges paragraphs 1 through 29 above as if fully set forth herein.

31. Costco is not infringing any valid claims of U.S. Patent No. 8,257,201 ("the '201 patent"). Acushnet has accused Costco of infringing claim 1 of the '201 patent. Costco's sales of the KS golf ball do not constitute infringement of claim 1 of the '201 patent, however,

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 5 (Case No. 2:17-cv-423)

29040-0401/134663653.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  because, at the least, the surface hardness of the inner core is not less than either of the outer
2  surface hardness or inner surface hardness of the outer core by 3 Shore D or greater.

3      32.     The '201 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims
4  are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No.
5  6,468,169 and other prior art publications and activities.

6      33.     Costco is entitled to a declaratory judgment that it has not infringed any claims of
7  the '201 patent and that the patent is invalid.

## XI. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 7,331,878

    34.     Costco re-alleges paragraphs 1 through 33 above as if fully set forth herein.

    35.     Costco is not infringing any valid claims of U.S. Patent No. 7,331,878 ("the '878 patent"). Acushnet has accused Costco of infringing the '878 patent but has not identified any specific claims. Costco's sales of the KS golf ball do not constitute infringement of any of the claims of the '878 patent, however, because, at the least, the Coefficient of Restitution (COR) for the first three layers of the KS ball is not .003 less than the COR for the finished ball.

    36.     The '878 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of WO00/57963 and other prior art publications and activities.

    37.     Costco is entitled to a declaratory judgment that it has not infringed any claims of the '878 patent and that the patent is invalid.

## XII. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 6,358,161

    38.     Costco re-alleges paragraphs 1 through 37 above as if fully set forth herein.

    39.     Costco is not infringing any valid claims of U.S. Patent No. 6,358,161 ("the '161 patent"). Acushnet has accused Costco of infringing claim 7 of the '161 patent. Costco's sales of the KS golf ball do not constitute infringement of claim 7 of the '161 patent, however,

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 6 (Case No. 2:17-cv-423)

29040-0401/134663653.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

because, at the least, dimples on the KS golf ball do not cover more than 80% of the outer surface.

40. The '161 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.  The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No. 5,292,132 and other prior art publications and activities.

41. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '161 patent and that the patent is invalid.

### XIII.  REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 7,887,439

42. Costco re-alleges paragraphs 1 through 41 above as if fully set forth herein.

43. Costco is not infringing any valid claims of U.S. Patent No. 7,887,439 ("the '439 patent").  Acushnet has accused Costco of infringing claim 1 of the '439 patent.  Costco's sales of the KS golf ball do not constitute infringement of claim 1 of the '439 patent, however, because, at the least, no "portion of the plurality of recessed dimples [on the KS ball] have a profile defined by the revolution of a catenary curve…."

44. The '439 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.  The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No. 6,796,912, U.S. Patent No. 5,253,872 and other prior art publications and activities.

45. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '439 patent and that the patent is invalid.

### XIV.  REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 7,641,572

46. Costco re-alleges paragraphs 1 through 45 above as if fully set forth herein.

47. Costco is not infringing any valid claims of U.S. Patent No. 7,641,572 ("the '572 patent").  Acushnet has accused Costco of infringing claim 1 of the '572 patent.  Costco's sales of the KS ball do not constitute infringement of the '572 patent, however, because, at the least,

COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF PATENT RIGHTS – 7 (Case No. 2:17-cv-423)

29040-0401/134663653.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

no "portion of the plurality of recessed dimples [on the KS ball] have a profile defined by the revolution of a catenary curve...."

48. The '572 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of U.S. Patent No. 6,796,912, U.S. Patent No. 5,575,477, U.S. Patent No. 5,562,552 and other prior art publications and activities.

49. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '572 patent and that the patent is invalid.

## XV. REQUEST FOR DECLARATORY JUDGMENT CONCERNING U.S. PATENT NO. 7,163,472

50. Costco re-alleges paragraphs 1 through 49 above as if fully set forth herein.

51. Costco is not infringing any valid claims of U.S. Patent No. 7,163,472 ("the '472 patent"). Acushnet has accused Costco of infringing claim 5 of the '472 patent. Costco's sales of the KS ball do not constitute infringement of the '472 patent, however, because, at the least, the dimples on the KS ball are not "defined by the revolution of a Catenary Curve."

52. The '472 patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112. The claims are invalid under 35 U.S.C. §§ 102 and/or 103, for example, in light of prior art golf balls, including at least five prior art Titleist balls sold by Acushnet, and other prior art publications and activities.

53. Costco is entitled to a declaratory judgment that it has not infringed any claims of the '472 patent and that the patent is invalid.

## XVI. REQUEST FOR DECLARATORY JUDGMENT CONCERNING CLAIM OF FALSE ADVERTISING

54. Costco re-alleges paragraphs 1 through 53 above as if fully set forth herein.

55. Acushnet has accused Costco of false advertising based on its Kirkland Signature guarantee, which is not specific to the KS golf ball, and which states that Kirkland Signature products "meet or exceed the quality standards of leading national brands."

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 8 (Case No. 2:17-cv-423)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29040-0401/134663653.2

56. Acushnet asserts that the statement is intended to indicate to a reasonable consumer that the KS golf ball is the same or of greater quality as Acushnet's Pro V1 golf ball.

57. Costco has never publicly compared the KS ball with any Acushnet ball, including Acushnet's Pro V1 golf balls.

58. A reasonable consumer would not interpret the Kirkland Signature guarantee as intended to convey a statement of fact about any specific comparisons of quality between the KS ball and any specific manufacturer or ball, including Acushnet and its Pro V1 ball.

59. In addition, to the extent a consumer would interpret the Kirkland Signature guarantee in that manner, the statement is true. Many individual golfers and golf ball testers and experts have used and/or tested the KS ball and concluded that it is at least comparable to balls sold by other leading national brands, including Acushnet.

60. Costco is entitled to a declaratory judgment that it has not engaged in any false advertising in connection with the KS golf ball.

## XVII. REQUEST FOR RELIEF

Costco seeks the following relief:

1. A declaratory judgment that it is not infringing any Acushnet patent rights, including any valid claims of the patents identified above;

2. A declaratory judgment that the allegedly infringed claims of the Acushnet patents identified above are invalid in light of 35 U.S.C. §§ 102, 103 and/or 112;

3. A permanent injunction enjoining Acushnet from asserting, to Costco or its customers, that Costco's sales of the KS golf ball constitute infringement of Acushnet's patent rights, including the patents identified above;

4. A declaratory judgment that Costco has not engaged in any false advertising in connection with its promotion of the KS golf ball;

5. For an award to Costco of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 9 (Case No. 2:17-cv-423)

29040-0401/134663653.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    6.    For such other and further relief that the Court deems just and proper.

DATED:  March 17, 2017.

By: s/ Ramsey M. Al-Salam
Ramsey M. Al-Salam #18822
Nicholas H. Hesterberg, #41970
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  RAlsalam@perkinscoie.com
Email:  NHesterberg@perkinscoie.com

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT AND INVALIDITY OF
PATENT RIGHTS – 10 (Case No. 2:17-cv-423)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

29040-0401/134663653.2